IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LARRY COLEMAN HICKS | § | |
| v. | § | CIVIL ACTION NO. 6:23cv325 |
| K. NICOLE MITCHELL | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Larry Hicks filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The sole named Defendant is United States Magistrate Judge K. Nicole Mitchell, and the sole requested relief is "put the magistrate in jail."

Plaintiff has a long history of filing frivolous and malicious lawsuits making vile and untrue accusations against various public officials, and the present case represents a continuation of this practice. On January 14, 2020, this Court entered an order reading as follows:

> Plaintiff Larry Coleman Hicks is hereby **SANCTIONED**. The Clerk of Court for the Eastern District of Texas **shall not accept** from Plaintiff Larry Coleman Hicks any further lawsuits, documents, pleadings, correspondence, letters, notices, or motions in any suit, including previous and newly filed cases—that do not bear the signature of a licensed attorney admitted to practice before the Bar of the Eastern District of Texas. Any other lawsuits, documents, pleadings, letters, correspondence, notices, or motions—not bearing a signature from a licensed attorney—shall not be filed on any docket but may be returned unfiled or discarded at the sole discretion of the Clerk.

*Hicks v. Skeen*, civil action no. 6:18cv400 (E.D.Tex.)

The above-styled civil action does not bear the signature of a licensed attorney. Consequently, the complaint should be stricken and the lawsuit should be dismissed with prejudice.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil action be dismissed with prejudice as frivolous and as improperly filed.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

**So ORDERED and SIGNED this 5th day of July, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE